In re:                                                                    Case No. 16-80048-TRC
Harold Martin, Jr.                                                        Chapter 7
        Debtor

# CERTIFICATE OF NOTICE

District/off: 1086-7          User: admin          Page 1 of 1          Date Rcvd: May 11, 2016
                             Form ID: 318          Total Noticed: 16

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 13, 2016.
```
db              +Harold Martin, Jr.,    13875 NS 3540,    Konawa, OK 74849-6036
1713402          Farmers-Payment Processing Center,    P.O. Box Carol Stream,    Carol Stream, IL 60132-0991
1713407          First National Bank Omaha,    P. O. Box 2557,    Omaha, NE 68103-2557
1713408         +MECU,   101 N Walker,    Oklahoma City, OK 73102-2229
1713411         +MUN CU VISA,    101 N Walker,    Oklahoma City, OK 73102-2229
1713413         +NORTHLAND GROUP INC,    PO BOX 390846,    Minneapolis, MN 55439-0846
1713414         +Portfolio Recovery,    c/o Love Beal and Nixon,    P.O. Box 32738,    Oklahoma City, OK 73123-0938
1713416         +Rickman & Rickman,    P.O. Box 212269,    Columbia, SC 29221-2269
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
tr              +EDI: QCGREENOUGH.COM May 11 2016 18:53:00    Charles Greenough,   McAfee & Taft,
                 Charles Greenough, Trustee,    1717 South Boulder, Suite 900,    Tulsa, OK 74119-4844
1713404         +EDI: ATTWIREBK.COM May 11 2016 18:53:00    AT&T,    P.O. Box 5001,
                 Carol Stream, IL 60197-5001
1713403          E-mail/Text: bkaudit@amraccounts.com May 11 2016 18:49:44    Account Management Resources,
                 P. O. Box 60607,    Oklahoma City, OK 73146-0607
1713405         +EDI: CCS.COM May 11 2016 18:53:00    Credit Collection Services,    Two Wells Ave.,
                 Newton Center, MA 02459-3246
1713410          E-mail/Text: mercyvbobankruptcy@mercy.net May 11 2016 18:49:54
                 MERCY CLINIC  OKLAHOMA COMMUNITIES,    PO BOX 2580,    Springfield, MO 65801-2580
1713417         +EDI: DRIV.COM May 11 2016 18:53:00    Santander,    8585 N Stemmons,    Dallas, TX 75247-3822
1713418         +EDI: CHRYSLER.COM May 11 2016 18:53:00    TD Auto Finance,    PO box 9223,
                 Farmington, MI 48333-9223
1713419         +EDI: WFFC.COM May 11 2016 18:53:00    WFDS/ WDS,    P.O. Box 1697,    Winterville, NC 28590-1697
                                                                                        TOTAL: 8
```

```
         ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
1713406          Enhanced Recovery Company, LLC
1713412          Munic Employee Credit Union
1713409*        +MECU,   101 N Walker,    Oklahoma City, OK 73102-2229
1713415         ##+Quest Financial,    7601 S Shields,    Oklahoma City, OK 73149-1629
                                                                         TOTALS: 2, * 1, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 13, 2016                          Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 11, 2016 at the address(es) listed below:
```
              Charles Greenough    charles.greenough@mcafeetaft.com,  mrcgreenough@ecf.epiqsystems.com
              Chris Mudd    on behalf of Debtor Harold  Martin, Jr. chrismudd@chrismudd.com
              Office of the United States Trustee    USTPRegion20.TU.ECF@usdoj.gov
                                                                         TOTAL: 3
```

**Information to identify the case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Harold Martin Jr.** | | Social Security number or ITIN **xxx−xx−3252** |
| | First Name   Middle Name   Last Name | | EIN  _ _−_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | | Social Security number or ITIN  _ _ _ _ |
| | | | EIN  _ _−_ _ _ _ _ _ _ |

United States Bankruptcy Court   **Eastern District of Oklahoma**

Case number:  **16−80048**

# Order of Discharge

**12/15**

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Harold Martin Jr.

May 11, 2016

**By the court:** S/ Tom R. Cornish
United States Bankruptcy Judge

## Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

### Creditors cannot collect discharged debts

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

### Most debts are discharged

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**
Examples of debts that are not discharged are:

♦ debts that are domestic support
obligations;

♦ debts for most student loans;

♦ debts for most taxes;

♦ debts that the bankruptcy court has
decided or will decide are not discharged
in this bankruptcy case;

♦ debts for most fines, penalties,
forfeitures, or criminal restitution
obligations;

♦ some debts which the debtors did not
properly list;

♦ debts for certain types of loans owed to
pension, profit sharing, stock bonus, or
retirement plans; and

♦ debts for death or personal injury caused
by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation
agreement are not discharged.

In addition, this discharge does not stop
creditors from collecting from anyone else who is
also liable on the debt, such as an insurance
company or a person who cosigned or
guaranteed a loan.

| |
|---|
| **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.** |